UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

CHARLES SIMON,                          :

                                 :

                 Plaintiff,       :

                                 :            23-cv-05125 (LJL)

        -v-                        :

                                 :              ORDER

FEDERAL PRISON INDUSTRIES INC. and STEVE  :
SCHWALB, Chief Operating Officer of Federal Prison  :
Industries,                          :

                                 :

                 Defendants.     :

                                 :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/24/2023

LEWIS J. LIMAN, United States District Judge:

      Plaintiff pro se ("Plaintiff") filed this action on June 16, 2023.  Dkt. No. 1.  On August

14, 2023, the Court scheduled an initial pretrial conference.  Dkt. No. 10.  Several motions are

now before the Court.  Plaintiff moves for a preliminary injunction.  Dkt. No. 3.  Plaintiff also

moves for summary judgment,  Dkt. No. 6, and to execute what it claims is an $85 million

judgment against the Federal Prison Industries Inc., Dkt. No. 8.  Plaintiff further moves for relief

under Federal Rule of Civil Procedure 60(b)(4) from the Court's order of August 14, 2023,

setting an initial conference in this matter, Dkt. No. 12, and for the Court to recuse itself under

28 U.S.C. § 455(a), on grounds that the August 14, 2023 order shows judicial bias, Dkt. No. 13.

Defendants Federal Prison Industries Inc. and Steve Schwalb ("Defendants") move for a 30-day

extension of its time to respond to the complaint, to September 25, 2023, and for adjournment of

the initial pretrial conference to the week of October 16, 2023, or a date thereafter.  Dkt. No. 14.

      The motion for a preliminary injunction is denied.  Plaintiff has not demonstrated facts

showing either a likelihood of success or a risk of irreparable harm.  *See Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 20 (2008); *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).  The motion for summary judgment is denied for failure to satisfy Rule 56 or to show the absence of any genuine issue of material fact entitling Plaintiff to summary judgment.  *See, e.g.*, *Chachkes v. David*, 2021 WL 101130, at *5 (S.D.N.Y. Jan. 12, 2021) (noting that requirement that the party cite to particular parts of the record demonstrating an entitlement to summary judgment protects against premature motions).  The motion to execute judgment is denied.  Plaintiff has not demonstrated the existence of a judgment for which he is entitled to execution.  *See* Fed. R. Civ. P. 69.  The motion under Rule 60(b)(4) is denied as frivolous.

The motion for recusal also is denied.  Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and subsection (b)(1) of that same statute provides that the judge "shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1); *see also United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) ("A federal judge must recuse herself in any proceeding where her impartiality might reasonably be questioned, [or] where the judge has a personal bias or prejudice concerning a party . . . ."  (internal quotation marks and citations omitted)).  While section 455(b) "addresses the problem of actual bias," section 455(a) "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased."  *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)).  Thus, under section 455(a), "the existence of the appearance of impropriety is to be determined 'not by

considering what a straw poll of the only partly informed man-in the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *Id.* at 126–27 (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)); *see also Couri v. Pavia*, 2019 WL 3553357, at *2 (S.D.N.Y. Aug. 5, 2019) (discussing the objective standard for recusal). "The Second Circuit has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of impropriety." *Couri*, 2019 WL 3553357, at *2 (alteration omitted) (quoting *Barnett v. United States*, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)).

"[R]ecusal motions are committed to the sound discretion of the district court . . . ." *Morrison*, 153 F.3d at 48 (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)). "Disqualification is not required on the basis of remote, contingent, indirect or speculative interests." *Bayless*, 201 F.3d at 127 (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)). "A judge is as much obligated not to recuse himself when it is not called for as he is obligated when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312. "Were it otherwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice." *Couri*, 2019 WL 3553357, at *2 (internal quotation marks omitted). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Rule 16 provides for the Court to issue a scheduling order after consulting with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(B). The motion is frivolous.

Defendants' motion for an extension of the time to respond to the complaint is granted for good cause and Defendants shall respond on or before September 25, 2023. The initial

pretrial conference is adjourned to October 19, 2023 at 2:00 p.m.  Parties are directed to dial into

the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the

necessary prompts.

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG)

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court.  The clinic is run by a private organization; it is not part of, or run by, the

Court.  It cannot accept filings on behalf of the Court, which must still be made by any pro se

party through the Pro Se Intake Unit.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 3, 6, 8, 12,

13, and 14.

SO ORDERED.

Dated: August 24, 2023
       New York, New York                         LEWIS J. LIMAN
                                                   United States District Judge

4