UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHARLES SIMON,

                    Plaintiff,

          -v-

FEDERAL PRISON INDUSTRIES INC. and
STEVE SCHWALB, Chief Operating Officer of
Federal Prison Industries,

                Defendants.

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/18/2024

23-cv-5125 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Defendants Federal Prison Industries Inc. ("FPI") and Steve Schwalb (together, "Defendants") move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint of *pro se* Plaintiff Charles Simon ("Plaintiff") for lack of subject-matter jurisdiction and for failure to state a claim to relief. Dkt. No. 17. Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. Dkt. No. 25.

For the following reasons, the motion to dismiss is granted and the motion for judgment on the pleadings is denied.

## BACKGROUND

The Court accepts as true for purposes of this motion the allegations of Plaintiff's complaint and the documents of which the Court may take judicial notice, construing a *pro se* plaintiff's complaint liberally and broadly to state the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).[1]

---

[1] "When adjudicating a motion to dismiss under Rule 12(b)(6), the court considers not only the well-pleaded allegations of the complaint but documents incorporated by reference and 'matters

Plaintiff slipped and injured his back in 1987 while he was incarcerated at a federal prison in Wisconsin and working in the kitchen under the supervision of FPI, which is known by the trade name UNICOR.  Dkt. No. 1 ("Compl.") at 2.  A prison physician examined Plaintiff shortly before his release and determined that Plaintiff suffered fifteen percent physical impairment from his injury.  *Id.* Ex. A at ECF 8.  In 1994, FPI determined that under the Inmate Accident Compensation Act ("IACA"), 28 C.F.R. § 301, *et seq.*, Plaintiff was entitled to $73.57 per month in benefit payments due to his injury and offered him that award.  Compl. Ex. A at ECF 8–10.[2]

Plaintiff appealed that amount and, in 1995, Defendant Schwalb, FPI's then- Chief Operating Officer, affirmed to Plaintiff that the calculations were correct.  *Id.*  In his letter to Plaintiff, Schwalb advised that, "if you now wish to accept the award,  please sign the enclosed acknowledgement and return it to the Inmate Accident Compensation Office."  *Id.* at ECF 9.  Schwalb noted that "[a]cceptance of this award constitutes full and final settlement of your claim for Inmate Accident Compensation."  *Id.*  Plaintiff signed the acknowledgment on March 1, 1995, and returned it to FPI, thereby accepting the award.  *Id*. at ECF 135.

Plaintiff has initiated a series of lawsuits in the years that followed, challenging several issues related to the award, including its amount, FPI's procedures for calculating that amount, FPI's treatment of Plaintiff, and other federal employees' tangentially related conduct.  *See e.g.*,

---

of which judicial notice may be taken.'"  *Abadi v. Am. Airlines, Inc.*, 2024 WL 1346437, at *17 (S.D.N.Y. Mar. 29, 2024) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).  "The Court may [] take judicial notice of 'public documents on a motion to dismiss to determine whether claims are barred by prior litigation.'"  *Lucky Brand Dungarees Inc. v. Ally Apparell Resources LLC*, 2006 WL 3771005, at *1 (S.D.N.Y. Dec. 20, 2006) (quoting *Cowan v. Codelia*, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001).

[2] The IACA provides the exclusive remedy against the Government for federal prisoners injured while working for FPI, precluding suits under the Federal Tort Claims Act.  *See United States v. Demko*, 386 U.S. 149 (1966).

*Simon v. U.S. Dep't of Justice*, 1:94-cv-11212-MLW (D. Mass. May 5, 1995); *Simon v. Fed. Prison Indus.*, 1998 WL 388369 (D.C. Cir. May 13, 1998); *Simon v. Robinson*, 219 F. App'x 137 (3rd Cir. 2007); *Simon v. U.S. Dep't of Justice*, 2016 WL 3545484 (D.C. Cir. June 10, 2016) (per curiam); *Simon v. Bickell*, 2011 WL 1770138 (D.C. Cir. Apr. 22, 2011) (per curiam); *Simon v. Fed. Prison Indus., Inc.*, 238 F. App'x 623 (D.C. Cir. 2007) (per curiam); *Simon v. Fed Prison Indus.*, 2003 WL 26128191 (D. Mass. July 15, 2003), *aff'd*, 91 F. App'x 161 (1st Cir. 2004) (per curiam); *Simon v. U.S. Dep't of Justice*, 2023 WL 2770576 (W.D. Wis. Apr. 4, 2024). Since 1994, Plaintiff has filed suits in federal courts in Massachusetts, Wisconsin, New York, and Washington, D.C. *Id.* For the most part, courts have dismissed Plaintiff's claims. *Id.*

In 2018, FPI suspended Plaintiff's award for failure to provide evidence of his annual earnings, as required under the IACA. Dkt. No. 19 ¶ 4(b). Specifically, "[e]ach monthly compensation recipient [is] required to provide a statement of earnings on an annual basis, or as otherwise requested." 28 C.F.R. § 301.315(b). "Failure to provide this statement shall result in the suspension or denial of all Inmate Accident Compensation benefits until such time as satisfactory evidence of continued eligibility is provided." *Id.* Plaintiff did not send his annual statement of earnings in 2016, and so the Inmate Accident Compensation ("IAC") Office contacted him in 2017 requesting the missing documents. Dkt. No. 19 ¶ 4(b). After Plaintiff failed to respond, the IAC Office suspended his award. *Id.*

In 2019, Plaintiff contacted an IAC Office Coordinator who advised Plaintiff that to have his payments reinstated, Plaintiff would have to confirm his address and submit his annual earnings statements for the missed years. *Id* ¶ 4(e). The coordinator also mailed Plaintiff written instructions explaining how to submit the required documents. *Id.* ¶ 4(f); Dkt. No. 19-3. Plaintiff confirmed that he understood and that he would provide the documents, but he still has

yet to provide his annual earnings.  Dkt. No. 19 ¶ 4(h).  Since 2019, many of Plaintiff's numerous lawsuits have included claims related to the suspension of his award.

Plaintiff's claims in this lawsuit fit broadly into two categories: (1) claims regarding the initial award in 1995 and (2) claims regarding the suspension of the award in 2018.  Compl. at ECF 1.  The Court construes Plaintiff's claims to allege violations of the Federal Employees Compensation Act ("FECA"), Title VII of the Civil Rights Act of 1964, and the First, Fifth, and Eighth Amendments of the Constitution.  *Id.*  Plaintiff seeks $100,000,000 in damages from FPI, and $125,000,000 in compensatory and punitive damages from Schwalb, totaling $225,000,000. *Id.* at 2.  Plaintiff's complaint is otherwise unclear regarding the exact relief he seeks, but it appears that he seeks a recalculation and reinstation of his IACA award in addition to back pay. *Id*. at 1–5.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing the complaint on June 16, 2023.  Dkt. No. 1. Shortly thereafter, Plaintiff moved for a preliminary injunction and summary judgment against Defendants, as well as relief from the Court's order setting an initial conference and recusal by this Court.  Dkt. Nos. 3, 8, 12, 13.  On August 24, 2023, this Court denied all of those motions. Dkt. No. 15.  On August 31, 2023, Plaintiff filed an interlocutory appeal challenging the Court's denial of its motions.  Dkt. No. 16.

While that appeal was pending, Defendants filed the instant motion to dismiss on September 22, 2023, along with a memorandum of law and two declarations in support of the motion.  Dkt. Nos. 17–20.

On April 15, 2024, the Second Circuit dismissed Plaintiff's appeal.  Dkt. No. 22.  In its order dismissing the appeal, the court noted:

Appellant has filed several other appeals or proceedings in this Court, challenging the adequacy of his accident compensation award: 17-2265, 13-1247, 11-5185, 97-2231, 97-3032 and 96-3075. Accordingly, Appellant is hereby warned that the continued filing of frivolous appeals or proceedings challenging the accident compensation award could result in the imposition of a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions challenging that award in this Court (a "leave-to-file" sanction).

*Id.* at 2.

On June 5, 2024, Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. No. 25.

## DISCUSSION

As noted, Plaintiff's claims fall broadly into two categories.  First, he claims that Defendants miscalculated the award, that the compensation scheme itself is unconstitutionally vague, that Schwalb individually and in his official capacity refused to properly recalculate Plaintiff's award, and that Schwalb coerced Plaintiff into accepting the unjust award.  Compl. at ECF 1–5.  Second, he challenges the 2018 suspension of his award, which he claims was illegal and unjust.  *Id.* at ECF 1.

Defendants argue that Plaintiff's challenges to his initial award are barred by the doctrines of *res judicata* (or "claim preclusion") and collateral estoppel (or "issue preclusion"). Dkt. No. 18 at 12–18.  Defendants further argue that Simon's challenge to the suspension of his award in 2018 has not been administratively exhausted.  *Id.* at ECF 21–24

Plaintiff's "pro se status does not relieve [him] of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007).  To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).[3]  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## I.    Plaintiff's Claims Concerning The Initial Award Are Dismissed

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims concerning the calculation of his monthly IACA award.  Dkt. No. 17.  Because *res judicata* bars Plaintiff from bringing claims regarding the initial calculation and appeal of his IACA award, the motion is granted.

The doctrine of *res judicata* precludes a party or its privy "from relitigating issues that were or could have been raised" in an earlier action when a final judgment has been entered in that action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Citigroup, Inc. v. Abu Dhabi Inv.*

---

[3] The Court evaluates Plaintiff's motion for judgment on the pleadings concurrently and under the same standard as Defendants' motion to dismiss.  *See Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." (citation omitted)); *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)).

*Auth.*, 776 F.3d 126, 128 n.1 (2d Cir. 2015) ("The doctrine of claim preclusion, or res judicata, bars the subsequent litigation of any claims that were or could have been raised in a prior action."). Although "[g]enerally res judicata is an affirmative defense to be pleaded in the defendant's answer, . . . when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice.").

Under the "federal common law of preclusion," *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012), "[t]o prove the affirmative defense [of *res judicata*] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action," *TechnoMarine SA*, 758 F.3d at 499 (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). "The doctrine of *res judicata* applies to pro se litigants[.]" *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008) (collecting cases) ; *see also Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, 2020 WL 1151313, at *13 (S.D.N.Y. Mar. 9, 2020) ("In New York, it is well-settled that the doctrine of *res judicata* applies to *pro se* litigants." (citation omitted)); *In re Aurora Commercial Corp.*, 2023 WL 1813328 (2d Cir. Feb. 8, 2023) (affirming dismissal of pro se claim on *res judicata* grounds) (summary order);. Each of the three requirements for *res judicata* are satisfied here.

First, Simon's prior actions involved final judgments on the merits. For the purposes of *res judicata*, a "dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2019) (citation omitted). Such dismissal "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Moreover, "a United States district court is a court of competent jurisdiction for the purposes of claim preclusion." *Simon v. U.S. Dep't of Justice*, 2016 WL 427061, at \*4 (D.D.C. Feb. 3, 2016) (applying *res judicata* to preclude Plaintiff's similar claims raised in the District Court for the District of Columbia). Plaintiff began filing complaints challenging the calculation of his award thirty years ago. The first courts to hear his claims determined that the award had been calculated properly and accordingly dismissed Plaintiff's claims. *See, e.g.*, *Simon v. U.S. Dep't of Justice*, 1996 WL 345955 (1st Cir. June 25, 1996); *Simon*, 1998 WL 388369. In the decades that followed, Plaintiff continued to file several lawsuits based upon a similar set of facts, nearly all of which were dismissed for claim or issue preclusion. *See, e.g.*, *Simon v. U.S. Dep't of Justice*, 2018 WL 6045254, at \*2 (D. Mass. Nov. 19, 2018) ("Any claim concerning the calculation of Simon's monthly compensation award is barred by the doctrine of *res judicata*."), *aff'd*, 2019 WL 6124881 (1st Cir. June 26, 2019); *Simon*, 2016 WL 3545484, at \*1 ("[A]ppellant has not shown any error in the district court's determination that his claims challenging his inmate accident compensation award or the inmate compensation system are barred by the doctrines of claim preclusion and issue preclusion."); *Simon*, 2011 WL 1770138, at \*1 ("[T]he district court correctly concluded that claims related to appellant's inmate compensation award are precluded."); *Simon*, 238 F. App'x at 624 ("Appellant has not shown any error in the district court's determination that appellant's claims arising from his requests for benefits pursuant to the

Inmate Accident Compensation Act, 18 U.S.C. § 4126, are barred by *res judicata*."); *Simon*,

2003 WL 26128191, at *2 n.8 ("noting without deciding that it appears the court's review

"would also be barred by the doctrine of *res judicata*."). After Plaintiff's monthly payments

were suspended in 2018, and Plaintiff challenged the suspension—in addition to challenging the

initial compensation amount—several courts again dismissed his claims. *See Simon*, 2018 WL

6045254; *Simon v. U.S. Dep't of Justice*, 2021 WL 1578293 (D.D.C. Apr. 22, 2021), *aff'd*, 2021

WL 4767941 (D.C. Cir. Sept. 15, 2021) (per curiam).

Second, it is self-evident that all of the prior actions were brought by Simon himself.

Third, and finally, Plaintiff could have raised in the prior proceedings all of the

challenges he now raises with respect to the calculation of the award. A claim is barred by *res*

*judicata* either when it has been raised in the prior proceeding or when it could have been raised.

"Whether a claim that was not raised in the previous action could have been raised therein

'depends in part on whether the same transaction or connected series of transactions is at issue,

whether the same evidence is needed to support both claims, and whether the facts essential to

the second were present in the first.'" *TechnoMarine*, 758 F.3d at 499 (quoting *Woods v. Dunlop*

*Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)).

Plaintiff challenges his IAC award in this action. *See, e.g.*, Compl. At ECF 2 ("[O]n

**March 1st 1995** the 'COO' coerced Pro Se Petitioner to sign a fictitious contract forcing

Petitioner to sign away all entitlements of due process rights under the compensation scheme[] of

the Inmate Accident Compensation Procedure[.]" (original emphasis)), 3 ("[T]he COO's

counterfeit policy under 28 C.F.R. Part 301 is unconstitutionally vague[.]"), 4 ("The documented

evidence of facts explicated herein clearly prove the distortion of Inmate Accident Compensation

Procedure under 28 C.F.R. Part 301."). In each of his prior actions, many of which were against

9

the same defendants party to this action, Plaintiff also challenged the same award on largely the same grounds.[4]  Having previously litigated or had the opportunity to litigate his challenges to the IAC award in his earlier cases and received a decision on the merits, Plaintiff cannot relitigate those claims now in this Court.

## II.       Plaintiff's Claims Concerning The Suspension Of The Award Are Dismissed

Plaintiff also challenges the suspension of the award, alleging "illegal termination without notice or cause imposed by [Schwalb]" pursuant to a "discriminatory fraud practice under 28 C.F.R. Part 301."  Compl. at ECF 3.  Defendants argue that such claim should be dismissed because it has not been administratively exhausted.  Dkt. No. 18 at 21–24. Defendants' argument is not convincing.  The Court instead dismisses Plaintiff's claim on the

---

[4] *See, e.g.*, *Simon*, 1998 WL 388369, at *1 (D.C. Cir. May 13, 1998) (dismissing Plaintiff's complaint against both FPI and Schwalb challenging the calculation of his award, stating that "[a]pellant's award of compensation was properly calculated under the Inmate Accident Compensation Act and its implementing regulations"); *Simon*, 2003 WL 26128191, at *1 (dismissing Plaintiff's complaint disputing "the amount of the inmate workers' compensation award," which at that time "constitute[d] at least the seventh attempt by plaintiff to bring claims against FPI and the fifth . . . attempt[] . . . to bring claims against . . . Steve Schwalb"); *Simon v. Bickell*, 737 F. Supp. 2d 10, 13 (D.D.C. 2010) (rejecting Simon's complaint against FPI and Schwalb, which included "claims relating to Simon's inmate compensation award and the validity of the inmate compensation system") ; *Simon*, 2018 WL 6045254, at *1–2 (dismissing Plaintiff's claim against FPI and Schwalb "that the DOJ's method of calculating its monthly compensation . . . is inconsistent with the FECA and violates Title VII of the Civil Rights Act of 1964, the Fifth Amendment, and the Eighth Amendment" as "barred by the doctrine of *res judicata*"); *Simon*, 2016 WL 3545484 (dismissing claims against FPI and Schwalb because "challenging his inmate accident compensation award [and] the inmate compensation system"") ; *Simon v. U.S. Dep't of Justice*, 2022 WL 4104027, at *2 (7th Cir. Sept. 8, 2022) ("Here, federal courts in Massachusetts and Washington, D.C. issued final judgments on the merits in 1996 and 1998, respectively, ruling that Simon's monthly payment had been properly calculated. . . . [C]laim preclusion also bars Simon's suit against the DOJ[, ] Federal Prison Industries[, and Schwalb] over the amount of his benefits award because he has already litigated the same claim against those parties."); *Simon*, 1996 WL 345955, at *1 (finding that, in a nearly identical claim brought against defendants not party to this action, "plaintiff's execution of the 'award acknowledgment and acceptance' form extinguished any further claim for inmate accident compensation under 18 U.S.C. § 4126(c), entitling the Bureau of Prisons to summary judgment on that issue.").

ground that Plaintiff fails to plead a viable claim under the Administrative Procedure Act ("APA").

### A.    Plaintiff Is Not Required To Plead Administrative Exhaustion

In the absence of any reference to a statute requiring administrative exhaustion, the Court presumes that Defendants invoke the form of exhaustion known as common-law or prudential administrative exhaustion, pursuant to which a court can require a litigant to exhaust administrative remedies in appropriate circumstances." *McCarthy v. Madigan*, 503 U.S. 140, 144–46 (1992), *superseded by statute on other grounds*, 42 U.S.C. § 1997e(a). "Prudential exhaustion is intended to 'protect[ ] the authority of administrative agencies, limit[ ] interference in agency affairs, [permit the agencies to] develop[ ] the factual record to make judicial review more efficient, and [to] resolv[e] issues to render judicial review unnecessary.'" *Garcia v. Decker*, 448 F. Supp. 3d 297, 305 (S.D.N.Y. 2020) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). "[T]he common law (or judicial) exhaustion doctrine . . . recognizes judicial discretion to employ a broad array of exceptions that allow a plaintiff to bring his case in district court despite his abandonment of the administrative review process." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) (punctuation omitted) (quoting *Beharry*, 329 F.3d at 58).

The Court recognizes that several courts have accepted the Government's argument and dismissed claims by Plaintiff on the basis that his award was improperly suspended for failure to exhaust administrative remedies.[5] The Court respectfully disagrees.

---

[5] *See, e.g.*, *Simon*, 2018 WL 6045254, at *3 (dismissing Plaintiff's claim challenging his award's termination "without prejudice, because [Plaintiff] . . . failed to exhaust his administrative remedies"); *Simon*, 2021 WL 1578293, at *6 ("Because there [was] no evidence that exhaustion of administrative remedies would be futile, cause irreparable injury, or that the administrative remedies would be inadequate, waiving these requirements would be inappropriate."); *Simon*, 2022 WL 4104027, at *1 ("Because Simon has already litigated the termination in previous actions against the same defendants . . . and he provided no evidence that he has since exhausted administrative remedies, issue and claim preclusion bar this claim as well.").

First, the exhaustion of administrative remedies is an affirmative defense.  *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 490 (2d Cir. 2018) ("We have also held that failure to exhaust administrative remedies 'can be asserted by the government as an affirmative defense,' in Title VII suits[.]" (quoting *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001)); *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act ("PLRA")], and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints").  Although a court may dismiss a complaint due to failure to exhaust administrative remedies when such failure is apparent from the face of the complaint, a plaintiff generally is not required affirmatively to plead exhaustion of administrative remedies.  *See, e.g.*, *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement[,] . . . [h]owever, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.") *Cruz v. Seiu Local 32BJ*, 2021 WL 3604661, at *3 (S.D.N.Y. Aug. 12, 2021) (Title VII claims can be dismissed if "a failure to exhaust administrative remedies is apparent from the face of the complaint."); *Ayala v. United States Postal Serv.*, 727 Fed. Appx. 15, 17 (2d Cir. 2018) (summary order) ("[A] plaintiff need not plead exhaustion" to bring Title VII and Age Discrimination in Employment Act claims).

Because the complaint does not demonstrate failure to exhaust on its face, Defendants' argument cannot be entertained without converting this motion to a motion for summary judgment.  *See Bamba v. U.S. Dep't of Homeland Sec.-FPS*, 2021 WL 4478677, at *7 (S.D.N.Y. Sept. 30, 2021) ("The affirmative defense of administrative exhaustion does not appear on the face of Plaintiff's complaint and is therefore not suitable for resolution under Rule 12(b)(6).");

*Hardaway*, 879 F.3d at 491 ("[T]he district court erroneously dismissed [plaintiff's] third amended complaint by holding that the exhaustion requirement is a pleading requirement . . . rather than an affirmative defense."); *Samuels v. Fischer*, 168 F. Supp. 3d 625, 654 (S.D.N.Y. 2016) (because "Plaintiff's non-exhaustion is not clear from the face of the Amended Complaint[,] . . . [i]t would thus be premature to dismiss Plaintiff's claims for failure to exhaust his administrative remedies). The Court declines to convert Defendants' motion to dismiss to a motion for summary judgment at this time. *See id.*

Second, while some courts have read into the relevant Department of Justice regulations an administrative process for the "resolution at the administrative level of issues concerning the termination of monthly payments," *Simon*, 2018 WL 6045254, at *3, the regulations on their face do not provide an appeal mechanism. The regulations provide that "[t]he amount of compensation payable to a claimant with an income deemed excessive shall be reduced at the rate of one dollar for each two dollars or earned and benefit income which exceeds the annual income available at minimum wage" and that "[e]ach monthly compensation recipient shall be required to provide a statement of earnings on an annual basis, or as otherwise requested." 28 C.F.R. § 301.315(b). The regulations additionally provide "Failure to provide this statement shall result in the suspension or denial of all Inmate Accident Compensation benefits until such time as satisfactory evidence of continued eligibility is provided." *Id.* It is not apparent from the materials before the Court that an appeal by Simon—where no mechanism for appeal is set forth in the regulations— would be anything other than futile, relieving him from any administrative exhaustion requirement that might otherwise apply. *See Carr v. Saul*, 593 U.S. 83, 93 (2021) ("[T]his Court has consistently recognized a futility exception to exhaustion requirements."); *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (Where pursuing

available administrative remedies would be futile, "the purposes behind the requirement of exhaustion are no longer served, and thus a court will release the claimant from the requirement."); *see also, e.g.*, *Quair v. Sisco*, 359 F. Supp. 2d 948, 971–72 (E.D. Cal. 2004) (holding that administrative exhaustion "would have been futile" when plaintiffs had "no procedure to appeal").

Third, the nature of Plaintiff's claim under the Administrative Procedure Act, ("APA") cautions against the application of prudential administrative exhaustion.  Construing Plaintiff's pro se claim liberally, as the Court must at this stage, the complaint can be read to challenge final agency action under the APA.  *See Solomon v. Fordham Univ. Admin.*, 2023 WL 5689712, at *1 (2d Cir. Sept. 5, 2023) (At the motion to dismiss stage, "[c]omplaints brought by *pro se* litigants are entitled to a particularly liberal interpretation.").  "Where the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review."  *Darby v. Cisneros*, 509 U.S. 137, 153–54 (1993).  Here, the IACA does not expressly require administrative exhaustion, and administrative action is not rendered inoperative by this Court's review of Plaintiff's claim.  *See Simon*, 2021 WL 1578293, at *4 ("The IACA does not mention exhaustion nor any jurisdictional limit on the federal courts at all save for a bar on FTCA claims.").

The Court denies Defendants' motion to dismiss the claim for failure to exhaust administrative remedies.

## B.    Plaintiff Fails To Plead A Viable APA Claim

Defendants argue in the alternative that the complaint "does not set forth allegations sufficient to plausibly indicate that the termination of the Award was arbitrary and capricious"

14

and therefore Plaintiff has failed to state a viable APA claim.  Dkt. No. 18 at 25.  The Court agrees.

To state an IACA claim under the APA, Plaintiff must allege agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that in some other respect violates the APA.  5 U.S.C. § 706(2)(A); *see also Gore v. Fed. Bureau of Prisons*, 2018 WL 1003838, at *2 (D.N.J. Feb. 21, 2018).  "If an administrative IACA claim is denied, judicial review is limited to whether the plaintiff was denied procedural due process in connection with his IACA application or if the decision denying compensation was arbitrary or capricious."  *Id.; see also Owens v. Dep't of Just.*, U. S. A., 527 F. Supp. 373, 375 (N.D. Ind. 1981) ("The standard for review of the Commissioner's decision" regarding an award under the Federal Prison Inmate Accident Compensation System "is whether or not it was arbitrary or capricious."), *aff'd sub nom. Owens v. Dep't of Just.*, 673 F.2d 1334 (7th Cir. 1981); *Cesal v. Fed. Prison Indus.*, 560 F. App'x 585, 587 (7th Cir. 2014) (holding that for IACA claims, "[j]udicial review under [the APA] is confined to determining whether the administrative decision . . . was arbitrary and capricious").

Plaintiff fails to plausibly allege that FPI's decision to suspend his award was arbitrary and capricious or deprived him of due process or in any other way violated the APA.  *See Gore*, 2018 WL 1003838, at *2; *Iqbal*, 556 U.S. at 678.  Plaintiff alleges that Schwalb was engaged in a "conspiracy . . . to obstruct justice" and that FPI followed a "discriminatory fraud policy" in suspending his award.  Compl. at ECF 1.  Plaintiff includes no factual allegations that support these claims.  He does not explain how or why the process was "discriminatory," Defendants engaged in "conspiracy," or the procedure was a "sham."  *Id.*  Accordingly, Plaintiff has not

sufficiently alleged that the decision to suspend his award was arbitrary and capricious.  The Court grants Defendants' motion to dismiss the claim for failure to plead a viable APA claim.

## III.     Leave To Amend

Although Plaintiff is a repeat litigant whom the Second Circuit has threatened with sanctions, Dkt. No. 22 at 2, "[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend[.]" *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017).  As this is Plaintiff's first complaint challenging the suspension of his award in this District, Plaintiff's motion for judgment on the pleadings is DENIED and Defendants' motion to dismiss is GRANTED without prejudice.[6]

### CONCLUSION

Defendants' motion to dismiss is GRANTED.

Plaintiff's motion for judgment on the pleadings is DENIED.

---

[6] Defendants move to dismiss the Complaint on several additional grounds, including issue preclusion, statute of limitations, and sovereign immunity.  Because the Court dismisses Plaintiff's complaint on other grounds, the Court need not resolve those issues.  The Court does note, however, that to the extent Plaintiff asserts a *Bivens* claim—a claim for damages based upon an injury to constitutional rights by a federal officer, *see Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971); *Cohen v. United States*, 640 F. Supp. 3d 324, 334–35 (S.D.N.Y. 2022)—against FPI (which is a federal agency) or Schwalb acting in his official capacity, such claim is barred by the doctrine of sovereign immunity, *see AmBase Corp. v. United States*, 731 F.3d 109, 118 (2d Cir. 2013) ("The United States, as sovereign, is immune from suit save as it consents to be sued[.]"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *SEC v. Comm. on Ways & Means of the United States H.R.*, 161 F. Supp. 3d 199, 216 (S.D.N.Y. 2015) ("[I]n the context of a private party suit against a Federal agency or officer—absent a waiver of sovereign immunity—subject matter jurisdiction does not exist."); *see also Simon*, 2003 WL 26128191, at *2 n.7 ("The Court will construe the complaint as attempting to bring *Bivens* claims because Section 1983 applies to individuals acting under color of state, not federal law.  However, a *Bivens* action for monetary damages may not be asserted against a federal officer acting in his official capacity or a federal agency because these entities are entitled to sovereign immunity." (internal citations omitted)).

The Clerk of Court is respectfully directed to close Dkt. Nos. 17 and 25.


SO ORDERED.


Dated: July 18, 2024
      New York, New York

                                             LEWIS J. LIMAN
                             United States District Judge