UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CHARLES SIMON,

                      Plaintiff,

        -v-

FEDERAL PRISON INDUSTRIES INC. and STEVE
SCHWALB,

                      Defendants.

-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/9/2026

23-cv-5125 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

*Pro se* Plaintiff Charles Simon ("Plaintiff") brings this suit against Defendants Federal Prison Industries Inc. and Steve Schwalb (together, "Defendants") primarily seeking damages in connection with an injury he suffered in 1987 while incarcerated at a federal prison in Wisconsin. Dkt. No. 1 at 2. In a Memorandum and Order dated July 18, 2024, the Court granted Defendants' motion to dismiss. Dkt. No. 26. Noting Plaintiff's *pro se* status, the Court permitted Plaintiff to replead his allegations to address certain shortcomings identified in the Memorandum and Order. *Id.* at 16. Plaintiff did not respond to that Order and on July 14, 2025—almost a year later—the Court ordered Plaintiff to show cause why judgment should not be entered and why the case should not be closed. Dkt. No. 27. Plaintiff responded one week later with a two-page filing. Dkt. No. 28. Because that filing does nothing to address the deficiencies identified in the Court's July 18 Order—even construed liberally and broadly to state the strongest claims suggested—this case is dismissed with prejudice.

In the July 18 Order, the Court explained that Plaintiff's claims generally fall within two categories: (1) claims regarding an initial award in 1995 under the Inmate Accident

Compensation Act ("IACA") and (2) claims regarding the suspension of that award in 2018. Dkt. No. 27 at 4. With respect to the first set of claims, the Court held that they were barred by the doctrine of *res judicata* given Plaintiff's multiple prior lawsuits raising the same challenges. *Id.* at 6–10. The Court did not grant Plaintiff permission to replead these claims. *Id.* at 10. With respect to the second set of claims—those involving the suspension of the IACA award in 2018—the Court explained that Plaintiff had failed to state a viable claim under the Administrative Procedure Act ("APA") because the complaint contained no factual allegations supporting his assertions of a "conspiracy . . . to obstruct justice" or a "discriminatory fraud policy." *Id.* at 15–16. The same conclusion applies here. In Plaintiff's post-dismissal filing, which the Court construes as an amended complaint, Plaintiff repeats his prior allegations using many of the same exact sentences and phrases as those in his original complaint. *Compare* Dkt. No. 1, *with* Dkt. No. 28. The amended complaint contains no additional factual allegations which might support his claims of conspiracy or discrimination, and which might make his claims plausible. The complaint therefore "fail[s] to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Plaintiff's case is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: February 9, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2